Lawrence *et al. v.* The People.

WILLIAM LAWRENCE and JOHN DONOVON, plaintiffs in error *v.* THE PEOPLE OF THE STATE OF ILLINOIS, defendants in error.

*Error to Cook.*

The Circuit Court may set aside a defective verdict, and award a *venire de novo*, in a criminal case, where the facts found are so defective that no judgment can be rendered upon such verdict.

THIS was an indictment for *larceny* against the defendants below, who appeared and pleaded not guilty, to the indictment, and went to trial. The jury returned the following verdict:

"Guilty of feloniously stealing, taking, and carrying away one blue coat of the value of ten dollars, of the personal goods and chattels of one John Holbrook, one cap of the value of two dollars, of the personal goods and chattels of one John Holbrook, and seven pairs of pants, of the value of thirty five dollars, of the goods of one John Holbrook, in manner and form as charged in the indictment. Not guilty as otherwise charged in the indictment."

The defendants moved the Court for a new trial, but after argument had, and before any decision, the motion was withdrawn, and a motion made in arrest of judgment. The Court overruled said motion, and ordered the verdict to be set aside, and a *venire facias de novo* to be awarded. A new trial was then had, a verdict of guilty rendered by the jury, and the ages of the defendants found to be under eighteen years. The defendants again moved the Court in arrest of judgment, which motion was overruled, and the Court pronounced judgment upon the last verdict.

The cause was tried at the May term, 1836, of the Cook Circuit Court, before the Hon. Thomas Ford.

WILLIAM STUART, for the plaintiffs in error, contended,

That as the first verdict—inasmuch as it did not find the age of the defendants to be under eighteen years, by reason whereof no judgment could be nor was pronounced—was insufficient and defective, the first motion in arrest of judgment should have been sustained by the Court.

That the Court erred in granting a new trial—for no new trial can be granted in cases of felony or treason, and cited

R. L. Crim. Code, § 158; 2 Black. Com. 167; 6 Term R. 638; 13 East. 416, cited by Chitty in 1 Crim. Law 657; Const. of Ills. Art. 8, § 11.

JAMES GRANT, State's Attorney, for the defendants in error.

Pearsons *v.* Hamilton.

SMITH, Justice, delivered the opinion of the Court:

The only question presented in this case, is, on the power of the Circuit Court to set aside a defective verdict, on which no judgment could be rendered, and to award a *venire de novo.* The right to exercise this power cannot be questioned. It has been exercised and practised on in numerous criminal cases, and is undoubted. If the verdict does not sufficiently ascertain the facts of the case, the Court may award a *venire facias de novo;* also where the facts are found so defectively, that no judgment can be given.(1)

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*

(1) Stark. Crim. Plead. 391–395; Hazell's case, Leach 406; Cro. Eliz. 112, 150; 1 Salkeld 47, 53; People *v.* Olcutt, 2 Johns.; Ld. Raym. 1521.